<u>**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**</u>

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000704
21-JUN-2023
08:37 AM
Dkt. 76 SO

NO. CAAP-20-0000704

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
LOAN TRUST 2007-BC1, PASS-THROUGH CERTIFICATES,
SERIES 2007-BC1, Plaintiff-Appellee,
v.
DAVID AUREO SALVADOR CORDERO; MARY TAN LLANOS CORDERO,
Defendants-Appellants,
and
WAIALAE GOLF COURSE COMMUNITY ASSOCIATION,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC141002257)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)


Defendants-Appellants David Aureo Salvador Cordero and
Mary Tan Llanos Cordero (collectively, **Corderos**) appeal from the
October 15, 2020 "Order Granting Plaintiff's Motion for Leave to

Amend Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendants Waialae Golf Course Community Association and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 30, 2014" (**Order Granting Motion for Leave to Amend Foreclosure Decree**),[1] filed and entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, the Corderos contend that the Circuit Court plainly[3] erred in granting Plaintiff-Appellee Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BC1, Pass-Through Certificates, Series 2007-BC1's (**Wells Fargo**) Motion for Leave to Amend Foreclosure Decree because the Circuit Court did not have jurisdiction to "amend" a judgment by that motion, and the judgment should have instead been vacated and the foreclosure process begun anew.

---

[1] The Corderos also appealed from the amended foreclosure decree and amended judgment entered on October 15, 2020, which we dismissed for lack of appellate jurisdiction on June 30, 2021 (**Order of Partial Dismissal**). We determined that the amended judgment did not amend the original July 17, 2019 Judgment in a material and substantial way, the time to appeal ran from the original judgment, and the notice of appeal was untimely from that original judgment. The Corderos' request for certiorari review of the Order of Partial Dismissal was rejected by the Hawaiʻi Supreme Court on September 7, 2021. See Wells Fargo, Nat'l Ass'n as Tr. for Structured Asset Sec. Corp. Mortg. Loan Tr. 2001-BC1, Pass Through Certificates Series 20074-BC1 v. Cordero, No. SCWC-20-0000704, 2021 WL 4077556, at *1 (Sept. 7, 2021). We thus do not address the Corderos's first and third points of error, which challenged the grant of summary judgment leading to the entry of the July 17, 2019 foreclosure decree and judgment. The Corderos similarly acknowledge in their Reply Brief that this appeal is now limited to review of the October 15, 2020 Order Granting Motion for Leave to Amend Foreclosure Decree.

[2] The Honorable Jeannette H. Castagnetti presiding.

[3] The Corderos acknowledge that they did not oppose or object to the Motion for Leave to Amend Foreclosure Decree before the Circuit Court.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

On January 31, 2020, following the entry of the July 17, 2019 foreclosure decree and judgment, Wells Fargo filed the Motion for Leave to Amend Foreclosure Decree as a non-hearing motion under Rules of the Circuit Court of the State of Hawaiʻi (**RCCH**) Rule 7.2(c).  The Corderos did not oppose the non-hearing motion.[4]  The Motion for Leave to  Amend Foreclosure Decree sought to amend the July 17, 2019 foreclosure decree by including a missing exhibit, Exhibit "A", that was referred to in the foreclosure decree but not attached.[5]

"In civil cases, the plain error rule is only invoked when 'justice so requires.'"  U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 42, 313 P.3d 717, 731 (2013) (quoting Montalvo v. Lapez, 77 Hawaiʻi 282, 290, 884 P.2d 345, 353 (1994)).  The exercise of an appellate court's discretion to notice plain error in civil cases involves consideration of three factors: "(1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import."  Id.

The Corderos urge that their contention of error "should be considered as 'plain error' as at no time was the Motion for Leave to Amend [Foreclosure Decree] objected to."

---

[4]    RCCH Rule 7.2(c) provides that "[a]ny opposition to a non-hearing motion shall be filed and served no later than 10 days after the service date indicated on the certificate of service accompanying the motion or no later than 12 days after the service date if the motion is served by mail."

[5]    The Declaration of Counsel attached to the motion stated that the July 17, 2019 foreclosure decree "was missing the property description that was supposed to be attached as Exhibit A," and that "[t]here [we]re no other changes to the Document."

The Corderos, however, provide no analysis applying the above standard for plain error review to the Order Granting Motion for Leave to Amend Foreclosure Decree, or argument why plain error review is warranted.  In these circumstances, the Corderos' point of error is waived and we will not review for plain error. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."); In re N.C., 123 Hawaiʻi 184, 195, 231 P.3d 457, 468 (2010) (upholding denial of plain error review in a juvenile criminal proceeding where petitioner-appellant "did not indicate which constitutional or fundamental rights had been violated . . . .").

For the foregoing reasons, we affirm the October 15, 2020 "Order Granting Plaintiff's Motion for Leave to Amend Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendants Waialae Golf Course Community Association and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 30, 2014," filed and entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, June 21, 2023.

On the briefs:

Keith M. Kiuchi
for Defendants-Appellants.

David A. Nakashima
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

4